This case presents the issue of whether or not the South Carolina offense of attempted murder is a crime of violence under the federal sentencing guidelines. I think we're all familiar with the sentencing formula that we have to use to determine whether or not an offense is a crime of violence. In this particular case, we contend that the elements of this offense do not require the attempted use or threatened use of physical force against the person of another. Now, to arrive, it's clear on its face that it doesn't. There's no suggestion that this case is, that this statute is divisible. So, as an indivisible statute, it does not meet the categorical definition of crime of violence because we believe that Torres-Miguel, both prongs upon which Torres-Miguel stands, are still valid. And we say that recognizing the Supreme Court's decision in Castleman. We understand that Castleman was a case that concerned the court's analysis of whether common law assault and battery fit under the 922 statute at issue there. The case did not concern at all the Armed Career Criminal Act. How can you attempt to murder someone with the intent to kill, which was the component that was absent from the Middleton case because there was no intent to kill, but here in the South Carolina Code, you have an attempt to kill. And how can that be accomplished without the use of force as the Castleman decision defines it? Your Honor, the answer to that question, I recognize what this court has said in Reed and Irby and Covington about Castleman. One thing I wanted to tell you that I appreciated, on page 19 of your brief, the appellant concedes that in order for him to prevail in this appeal, this court would have to conclude that Burns, Johnson, and I would guess Irby and Reed and others were wrongly decided on this point. Yes, sir. So you'd have to be repudiating at least three of our circuit precedents. That's correct, Your Honor. That's kind of a tough row to plow, isn't it? I agree. Right. It would take an involved court. And particularly in light of Castleman, I mean, I think that your position is much stronger without Castleman, but when Castleman talks about something can be a crime of violence when you have even a situation like poisoning, which doesn't involve a direct application of force, but certainly involves the indirect application of force and the clear contemplation that force would be applied. It seems to me what you're asking us to do is to fly in the face of three of our prior circuit precedents and the Supreme Court's decision in Castleman, which is a pretty steep climb. No, I understand our position would require you to reject the three prior opinions you've talked about. We do think for purposes of this argument, and we have to make this argument, that Castleman does not have any impact in the armed career criminal realm, that it was solely limited to the context in which that case was decided. That's our argument. That's how we intend. There was a broader proposition that arose out of that context, because the critical fact was that a person who was going to poison another one, another person, didn't actually apply physical force to the person, and that was the crucial principle that emerged. I mean, you can talk about the context and everything, but there was a principle that emerged from the context. I agree that the courts have, as you say, determined that there was a principle that emerged, and it is as is what you say. Our argument is that when the court was making the distinction between indirect and direct, that there is no distinction between direct use of force and indirect use of force in the Castleman case, that what they were discussing was in the common law context as it arose under the Tennessee statute, which in that case, a divisible statute that had a knowing mens rea. I suppose we just have an honest difference of opinion there, because I didn't read Castleman as quite that limited, but I realize that it's fully the prerogative of a good advocate, I might add, to do so. Thank you, Your Honor. That's our position. If there are no other questions, I'll yield the rest of my time. Thank you. May it please the Court. Your Honor, is there anything to add other than the fact that we have controlled precedent on this case that gives us the answer to the issue of this case? Actually, I don't, Judge Winn. With respect to whether Torres-Miguel… I just can't understand what needs to be said. If it's controlling precedent, as Judge Wilkerson has pointed out, it's not just a hard job. We really can't overturn that as a panel. There may be another day on bonk or wherever, but we just can't do it. I agree, Judge Winn, and I would also agree that for purposes of the question presented in this case, it's our position that this Court's previous decision in Dinkins virtually controls this case, because in that particular case, this Court held that South Carolina assault with intent to kill satisfied the ACCA's elements clause. In order to prevail, the appellant here has to prevail both under the elements or force clause and also under the residual clause. I mean, he bears a double burden, doesn't he? Well, that is correct. That's the additional argument, but even with respect to Dinkins, is that that involved… Well, as I recall, it was a residual clause case. That was an elements clause case also, Judge Wilkerson, but the thing there is that there are plenty of assault with intent to kill cases that come before this Court. The action… Well, we think… You've got cases here that have interpreted it. Counselman, as a case, I mean, even if you disagree or back and forth, it certainly gives you some recognition that there's indirect and direct applications of force that can be distinguished here, cannot be distinguished. I'm trying to figure out why would you open up something you don't need to open up. Why do we need to go any further in this case? You don't need to. We would ask this Court to affirm the conviction both on the elements clause and the enumerated offenses clause. If there are no further questions, we would ask the Court to affirm. Thank you. In keeping with the theme, if there are no further questions, Your Honor, I'll sit down. Thank you. Appreciate it. We'll come down in Greek Council and take a brief recess.
judges: J. Harvie Wilkinson III, James A. Wynn Jr., Albert Diaz